IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATRIC PEPE,**

      **CASE NO.:**

   **Plaintiff,**

vs.

**POMEROY TECHNOLOGIES, LLC,**

   **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PATRIC PEPE, by and through his undersigned attorneys, and sues the Defendant-Employer, POMEROY TECHNOLOGIES, LLC ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The venue lies in the Middle District of Florida because the events arose in this judicial district.

## INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act, as amended ("FCRA"), and the Age Discrimination in Employment Act, as amended (ADEA). Defendant discriminated against Plaintiff due to his age. Plaintiff seeks economic

and non-economic damages, including but not limited to back pay, front pay, lost benefits, emotional distress, mental anguish, punitive damages, and his attorneys' fees and costs. All damages sought are in the past and future.

## ADMINISTRATIVE PREREQUISITES

1. All conditions precedent to bringing this action have occurred.

2. Plaintiff timely filed a dual charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff has received his "Right to Sue" from the Equal Employment Opportunity Commission ("EEOC"), and this lawsuit has been filed within 90 days of the receipt of a "Right to Sue" from the EEOC.

4. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

5. At all times material hereto, the Plaintiff, a male, was a resident of Hillsborough County, Florida.

6. At all times material hereto, Defendant, POMEROY TECHNOLOGIES, LLC, is a foreign limited liability company doing business in Florida and employs in excess of 3,000+ employees and, by definition, is an "Employer" pursuant to the laws under which this action is brought.

## GENERAL ALLEGATIONS

7. At all times material hereto, Defendant discriminated and wrongfully terminated Plaintiff due to his age.

8. At all times material hereto, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay his counsel a reasonable fee for legal services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff is a 77-year-old, married father of two with one grandchild.

12. Plaintiff served the United States of America in the Air Force as a Fighter Pilot before transitioning into the High-Tech Industry.

13. Plaintiff was well known in the industry, bringing decades of experience and key accounts to Defendant when hired.

14. Defendants, Chief Product Officer Bob Burlas hired Plaintiff on October 17, 2019.

15. After Defendant hired Plaintiff, he excelled in his job and was responsible for contracts that brought the Defendant millions of dollars, which led Plaintiff to be awarded **"Impact Player of the Year 2022."**

16. During Plaintiff's tenure with Defendant, Plaintiff was responsible for developing and maintaining business relationships with Defendant's Alliance Partners.

17. During the year 2022, Chief Product Officer Bob Burlas was the direct supervisor of Plaintiff through December of 2022. In 2023, Defendant's Senior Vice President of Sales, Tim Fisher, became Plaintiff's supervisor. Then, in 2024, Bob Burlas supervised Plaintiff again.

18. Unlike other, younger employees, Defendant did not give Plaintiff a Quota or Incentive Plan for 2023 despite Plaintiff requesting one. This meant Plaintiff could not receive incentive bonuses and plans like other younger employees.

19. Defendant never advised Plaintiff his job was in jeopardy or told gave him any discipline or performance improvement plans.

20. Rather, Plaintiff excelled in his job.

21. In January of 2024, Defendant's Vice President made an ageist comment to Plaintiff inferring that while Plaintiff was old, he could afford to be terminated because he had a military retirement.

22. In the spring of 2024 and weeks before his firing, Defendant required Plaintiff to provide his accounts to a substantially younger employee and train him.

23. Then, in early May of 2024, Defendant's Manager, Bob Burlas told Plaintiff he could retire and his last day would be May 17, 2024. Burlas gave a pretextual reason for Plaintiff's firing which made zero sense. Plaintiff's revenue that he was projected to bring Defendant due to the award of just one pending account was determined to amount to $60 million per year in revenue.

24. Defendant then filled Plaintiff's prior position with a substantially younger employee.

25. Defendant terminated Plaintiff because of his age and the desire for Defendant not to pay Plaintiff what he was owed. Defendant made this clear in the statement made by Chief Product Officer, Bob Burlas, requesting that Plaintiff retire prior to his termination, and that younger personnel were taking over Plaintiff's responsibilities.

## COUNT 1
## FCRA – AGE DISCRIMINATION

26. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-25 above.

27. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA") due to his age.

28. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act.

29. Defendant knew, or should have known of the discrimination.

30. As a result of Defendant's unlawful discrimination. Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay;

c. Front pay and/or lost earning capacity;

d. Compensatory damages, emotional distress damages;

e. Injunctive relief and reinstatement;

f. Prejudgment interest;

g. Punitive damages;

h. Costs and attorney's fees;

i. Such other relief as the Court may deem just and proper; and

j. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state law.

## COUNT II
## ADEA – AGE DISCRIMINATION

31. Plaintiff re-alleges and adopts the allegations stated in paragraphs 1-25 above.

32. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act ("ADEA") due to his age.

33. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of federal law, including termination of employment.

34. Defendant knew, or should have known of the discrimination.

35. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages, emotional distress damages;

    e. Injunctive relief and reinstatement;

    f. Prejudgment interest;

      g.      Punitive damages;

      h.      Costs and attorney's fees;

      i.      Such other relief as the Court may deem just and proper; and

      j.      Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state law.

Respectfully submitted this 6th day of November, 2025.

Respectfully Submitted,

CHANFRAU & CHANFRAU

/s/ *Kelly H. Chanfrau*_____
Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL, 32118
Telephone: 386-258-7313
Facsimile: 386-258-8783
Primary Email: Kelly@chanfraulaw.com
Secondary Email: Amber@chafraulaw.com
Secondary Email: Katie@chanfraulaw.com
Secondary Email: Blake@chanfraulaw.com