**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PATRIC PEPE,**

**CASE NO.: 8:25-CV-03062**

**Plaintiff,**

**vs.**

**POMEROY TECHNOLOGIES, LLC,**

**Defendant.**
__________________________/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PATRIC PEPE, by and through his undersigned attorneys, and sues the Defendant-Employer, POMEROY TECHNOLOGIES, LLC ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The venue lies in the Middle District of Florida because the events arose in this judicial district.

## INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act, as amended ("FCRA"), and the Age Discrimination in Employment Act, as amended (ADEA). Defendant discriminated against Plaintiff due to his age. Plaintiff seeks economic

and non-economic damages, including but not limited to back pay, front pay, lost benefits, emotional distress, mental anguish, punitive damages, and his attorneys' fees and costs. All damages sought are in the past and future.

## ADMINISTRATIVE PREREQUISITES

1. All conditions precedent to bringing this action have occurred.

2. Plaintiff timely filed a dual charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff has received his "Right to Sue" from the Equal Employment Opportunity Commission ("EEOC"), and this lawsuit has been filed within 90 days of the receipt of a "Right to Sue" from the EEOC.

4. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

5. At all times material hereto, the Plaintiff, a male, was a resident of Hillsborough County, Florida. Plaintiff was born in 1947.

6. At all times material hereto, Defendant POMEROY TECHNOLOGIES, LLC, was a foreign limited liability company doing business in Florida and employed over 3000 employees. The Defendant does business in Florida and Plaintiff worked for Defendant in Tampa, Florida.

## GENERAL ALLEGATIONS

7. At all times material hereto, Defendant discriminated and wrongfully terminated Plaintiff due to his age.

8. At all times material hereto, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer and did so.

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay his counsel a reasonable fee for legal services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff is a 77-year-old, married father of two with one grandchild.

12. Plaintiff is an Air Force Veteran, and worked as a Fighter Pilot before transitioning into the High-Tech Industry.

13. Defendants, Chief Product Officer Bob Burlas, hired Plaintiff on or about October 17, 2019.

14. Plaintiff was well known in the industry, bringing decades of experience and key accounts to Defendant.

15. Bob Burlas supervised Plaintiff from 2019 through 2021.

16. After Defendant hired Plaintiff, Plaintiff excelled in his job and was responsible for contracts that brought the Defendant millions of dollars.

17. Defendant awarded/named Plaintiff the **"Impact Player of the Year 2022."**

18. Plaintiff was responsible for developing and maintaining business relationships with Defendant's Alliance Partners.

19. In 2023, Plaintiff discovered that unlike other, (younger employees), Defendant did not give Plaintiff a Quota or Incentive Plan for 2023 although Plaintiff requested a plan. As a result, of Defendant's intentional failures to treat him equally, Defendant was able to avoid paying Plaintiff the incentive portion of his compensation.

20. At no point, did Defendant advised Plaintiff that his job was in jeopardy.

21. At no point, did Defendant discipline Plaintiff.

22. At no point, did Defendant advise Plaintiff that he was a poor performer or place him on a performance improvement plan.

23. Plaintiff excelled in his position.

24. Defendant never advised Plaintiff that his job was in jeopardy. Plaintiff was never disciplined or received a performance review.

25. In 2023, Plaintiff's supervisor advised him that his performance was outstanding and would provide him an incentive plan.

26. In January of 2024, Defendant's Vice President made an ageist

Comment directly to Plaintiff stating that because Plaintiff was older, he could afford to be terminated because he had a military retirement.

27. Then, in April 2024, Defendant ordered Plaintiff to provide his accounts to a substantially younger employee (decades younger) and train him.

28. On April 26, 2024, Plaintiff advised his then supervisor, Chief Product Officer, Bob Burlas, that Plaintiff was about to secure the award of a 5-year service contract valued by the Alliance Partner of up to $60.0 million per year to Defendant. Bob Burlas then told the Plaintiff that he could choose to retire, or he would be terminated.

29. Had Defendant not terminated Plaintiff, Plaintiff would also have been entitled to bonuses and extra compensation due to the multi-million dollar deal he secured.

30. Defendant informed Plaintiff he was being terminated because of poor performance in 2023, which made no sense, because Plaintiff had been informed his performance was excellent.

31. Defendant terminated Plaintiff and then filled Plaintiff's prior position with a substantially younger employee.

32. Plaintiff is aware of other similar situated older employees, also terminated close in time with similar circumstances.

33. Defendant terminated Plaintiff due to his age.

34. Defendant made this clear in the statement made by Chief Product Officer, Bob Burlas, requesting that Plaintiff retire prior to his termination, and that younger personnel were taking over Plaintiff's responsibilities.

## COUNT 1
## FCRA – AGE DISCRIMINATION

35. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-34 above.

36. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA") due to his age.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act.

38. Defendant knew, or should have known of the discrimination.

39. As a result of Defendant's unlawful discrimination. Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay;

c. Front pay and/or lost earning capacity;

d. Compensatory damages, emotional distress damages;

e. Injunctive relief and reinstatement;

f. Prejudgment interest;

g. Punitive damages;

h. Costs and attorney's fees;

i. Such other relief as the Court may deem just and proper; and

j. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state law.

## COUNT II
## ADEA – AGE DISCRIMINATION

40. Plaintiff re-alleges and adopts the allegations stated in paragraphs 1-34 above.

41. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act ("ADEA") due to his age.

42. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of federal law, including termination of employment.

43. Defendant knew, or should have known of the discrimination.

44. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay;

c. Front pay and/or lost earning capacity;

d. Compensatory damages, emotional distress damages;

e. Injunctive relief and reinstatement;

f. Prejudgment interest;

g. Punitive damages;

h. Costs and attorney's fees;

i. Such other relief as the Court may deem just and proper; and

j. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state law.

Respectfully submitted this 25th day of November, 2025.

Respectfully Submitted,

CHANFRAU & CHANFRAU

/s/ *Kelly H. Chanfrau*

Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL, 32118
Telephone: 386-258-7313
Facsimile: 386-258-8783
Primary Email: Kelly@chanfraulaw.com
Secondary Email: Amber@chafraulaw.com
Secondary Email: Katie@chanfraulaw.com
Secondary Email: Blake@chanfraulaw.com
TRIAL COUNSEL FOR PLAINTIFF