UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRIC PEPE,

Plaintiff,

Case No. 8:25-CV-03062

vs.

POMEROY TECHNOLOGIES, LLC,

Defendant.
_______________________________________ /

**DEFENDANT POMEROY TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

COMES NOW, Defendant, POMEROY TECHNOLOGIES, LLC ("Pomeroy"), by and through undersigned counsel, and hereby files this Answer and Affirmative Defenses to PATRIC PEPE ("Plaintiff")'s Amended Complaint [D.E. 5], and states as follows:

**ADMINISTRATIVE PREREQUISITES**

1. Paragraph 1 of the Amended Complaint simply states a legal conclusion to which no response is required. To the extent a response is deemed necessary, .

2. Pomeroy admits the allegations in Paragraph 2 of the Amended Complaint.

3. Pomeroy admits the allegations in Paragraph 3 of the Amended Complaint.

4. Pomeroy admits the allegations in Paragraph 4 of the Amended Complaint.

## PARTIES

5. Pomeroy admits the allegations in Paragraph 5 of the Amended Complaint.

6. Pomeroy admits the allegations in Paragraph 6 of the Amended Complaint.

## GENERAL ALLEGATIONS

7. Pomeroy denies the allegations in Paragraph 7 of the Amended Complaint.

8. Pomeroy denies the allegations in Paragraph 8 of the Amended Complaint.

9. Pomeroy denies the allegations in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint merely restates Plaintiff's litigation position, to which no response is required.

## FACTS

11. Pomeroy admits that Plaintiff is 77 years old. Pomeroy lacks the knowledge or information necessary to respond to the remaining allegations in Paragraph 11 of the Amended Complaint, and on that basis denies those allegations.

12. Pomeroy lacks the knowledge or information necessary to respond to the allegations in Paragraph 12 of the Amended Complaint, and on that basis denies those allegations.

13. Pomeroy answers that Bob Burlas's title with Pomeroy was Senior Vice President of Product and Alliances. Pomeroy admits the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Pomeroy denies the allegations in Paragraph 14 of the Amended Complaint as worded.

15. Pomeroy admits the allegations in Paragraph 15 of the Amended Complaint.

16. Pomeroy denies the allegations in Paragraph 16 of the Amended Complaint as worded.

17. Pomeroy admits the allegations in Paragraph 17 of the Amended Complaint.

18. Pomeroy admits the allegations in Paragraph 18 of the Amended Complaint.

19. Pomeroy denies the allegations in Paragraph 19 of the Amended Complaint as worded.

20. Pomeroy denies the allegations in Paragraph 20 of the Amended Complaint as worded.

21. Admitted only to the extent that the Policy speaks for itself, otherwise denied as to any allegations inconsistent therewith.

22. Pomeroy admits that Plaintiff was never placed on a formal Performance Improvement Plan. Plaintiff denies the remaining allegations in Paragraph 22 of the Amended Complaint as worded.

23. Pomeroy denies the allegations in Paragraph 23 of the Amended Complaint.

24. Pomeroy denies the allegations in Paragraph 24 of the Amended Complaint.

25. Pomeroy denies the allegations in Paragraph 25 of the Amended Complaint.

26. Pomeroy denies the allegations in Paragraph 26 of the Amended Complaint.

27. Pomeroy denies the allegations in Paragraph 27 of the Amended Complaint.

28. Pomeroy denies the allegations in Paragraph 28 of the Amended Complaint.

29. Pomeroy denies the allegations in Paragraph 29 of the Amended Complaint.

30, Pomeroy admits that Plaintiff was informed he was being terminated for poor performance. Pomeroy denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31. Pomeroy denies the allegations in Paragraph 31 of the Amended Complaint

32. Pomeroy does not know what Plaintiff is "aware of," and on that basis denies the allegations in Paragraph 32 of the Amended Complaint. Pomeroy further answers that it has not discriminated against Plaintiff or any other current or former employees on the basis of age.

33. Pomeroy denies the allegations in Paragraph 33 of the Amended Complaint.

34. Pomeroy denies the allegations in Paragraph 34 of the Amended Complaint.

**COUNT I**
**FCRA – AGE DISCRIMINATION**

35. Pomeroy incorporates its responses to Paragraphs 1–34 of the Amended Complaint as if restated herein.

36. Paragraph 36 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Pomeroy admits the allegations in Paragraph 36 of the Amended Complaint.

37. Pomeroy denies the allegations in Paragraph 37 of the Amended Complaint.

38. Pomeroy denies the allegations in Paragraph 38 of the Amended Complaint, and further denies that Plaintiff was subjected to any discrimination whatsoever.

39. Pomeroy denies the allegations in Paragraph 39 of the Amended Complaint.

**COUNT II**
**ADEA – AGE DISCRIMINATION**

40. Pomeroy incorporates its responses to Paragraphs 1–39 of the Amended Complaint as if restated herein.

41. Paragraph 41 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Pomeroy admits the allegations in Paragraph 36 of the Amended Complaint.

42. Pomeroy denies the allegations in Paragraph 42 of the Amended Complaint.

43. Pomeroy denies the allegations in Paragraph 43 of the Amended Complaint, and further denies that Plaintiff was subjected to any discrimination whatsoever.

44. Pomeroy denies the allegations in Paragraph 44 of the Amended Complaint.

In response to each of the unnumbered paragraphs of the Amended Complaint beginning with WHEREFORE, Pomeroy denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Pomeroy denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Amended Complaint that has not been expressly admitted above. Pomeroy denies that Plaintiff is entitled to the relief requested in its Amended Complaint, or any relief whatsoever. As further defenses, Pomeroy asserts the following:

**AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

All actions taken with respect to Plaintiff were based on, and because of, completely legitimate and non-retaliatory reasons.

**THIRD AFFIRMATIVE DEFENSE**

At all times, Pomeroy acted in good faith and without malice or any intent to cause any harm to Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any damages and/or losses, which Pomeroy denies, such damages and/or losses were the result of, and/or caused by, Plaintiff's own conduct and/or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

Pomeroy denies that it violated any federal, state, and/or local statutes, laws, rules and regulations, including, but not limited to, any federal, state, and/or statute, law, rule or regulation alleged, alluded to, or identified by Plaintiff in his Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that retaliatory or otherwise illegal actions may be found to have been taken by a supervisory or managerial agent of Pomeroy, which Pomeroy denies, such actions and/or decisions were contrary to Pomeroy's good faith efforts to prevent such actions in the workplace.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, unjust enrichment, laches, accord and satisfaction, avoidable consequences, res judicata, and/or the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Complaint are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages and/or wage losses, if any. In addition, Plaintiff's damages and/or wage losses, if

any, should be reduced by any and all interim earnings and additional amounts that Plaintiff did earn or could have earned in the interim if he had satisfied his duty to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

**TENTH AFFIRMATIVE DEFENSE**

In the course of investigation or discovery, if it is determined that Plaintiff is or was guilty of separate dischargeable misconduct, Pomeroy reserves the right to rely upon the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he seeks damages in excess of the caps on damages under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks a good faith factual basis for his claims, in whole or in part, thereby entitling Pomeroy to an award of attorney fees, costs, and expenses incurred in defending this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent supported by discovery or further investigation, Pomeroy reserves the right to assert any third-party complaints and/or crossclaims against any other party, entity, or person that may be liable, in whole or in part, to Pomeroy or

the Plaintiff for the alleged damages suffered by the Plaintiff, including, but not limited to, claims for contribution and/or indemnification.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pomeroy is entitled to all defenses and immunities available under state constitutional, statutory, and decisional law, including, but not limited to, any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided to Plaintiff or to otherwise avoid harm.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Pomeroy reserves the right to amend its Answer to add additional affirmative defenses or counter-claims based upon information obtained during the discovery process.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this January 26, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record in an authorized manner for those counsel or parties.

**DINSMORE & SHOHL LLP**

*s/ Brenton M. Tunis*
Brent M. Tunis, Esq.
Florida Bar No. 1051230
E-Mail: brent.tunis@dinsmore.com
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9849
Facsimile: (813) 543-9849

S. Joseph Stephens, III (motion for special admission forthcoming)
Email: joseph.stephens@dinsmore.com
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 832-5452
Facsimile: (513) 977-8141

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Brenton M. Tunis*
Brent M. Tunis